SUBLETTE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 22, 1907.

JUSTICES OF THE PEACE: Jurisdiction: Statute of Limitations. In an action on a judgment rendered before a justice of the peace which was defended on the ground that the justice had no jurisdiction to render the judgment, and that the present action was barred by the Statute of Limitations, the same points were considered and decided on a former appeal of the same case (Sublette v. St. Louis, Iron Mountain & Southern Railway Company, 96 Mo. App. 113).

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*George S. Grover* for appellant.

(1) The judgment here sued on is in excess of the jurisdiction of the justice, and therefore void. Session Acts 1865, p. 89; R. S. 1855, ch. 90, sec. 2, p. 925; R. S. 1865, p. 56; R. S. 1865, ch. 177, sec. 2, p. 177; Barnett v. Railroad, 68 Mo. 56; White v. Railroad, 72 Mo. App. 400. (2) This action was barred on the 21st day of August, 1900, by the statute of limitations. R. S. 1899, secs. 4272 and 4273; Chouteau v. Nuckells, 20 Mo. 442; Coomes v. Moore, 57 Mo. 338; George v. Middough, 62 Mo. 549; Pears v. Goff, 76 Mo. 92; Christy v. Flannigan, 87 Mo. 670; St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119; Green v. Daugherty, 55 Mo. App. 217; Pierce v. Davidson, 58 Mo. App. 106; Sublette v. Railroad, 81 Mo. App. 327.

*D. C. Taylor* and *R. H. Stevens* for respondent.

The justice had jurisdiction. R. S. 1865, ch. 177, sec. 3, p. 697, fifth clause of said section. R. S. 1879, sec. 2835. The judgment was not barred by limitation. R. S. 1889, secs. 2249, 6332; Sublette v. Railroad, 66 Mo. App. 331, and 96 Mo. App. 113; Wakefield v. Brown, 38 Minn. 361.

GOODE, J.—This is an action on a judgment rendered by a justice of the peace of Adair county, Missouri, September 22, 1883. The original action was brought to recover damages for the killing of a bull by a railway company, to the rights and liabilities of which the defendant succeeded. An appeal was taken from the judgment to the circuit court, where on motion of plain-

tiff, the appeal was dismissed. From the judgment of dismissal defendant took an appeal to the Supreme Court and the appeal lay in that court unprosecuted, until the year 1898, when it was transferred to the Kansas City Court of Appeals which affirmed the judgment of dismissal entered by the circuit court in 1883. In 1900 the present action was instituted in the circuit court of St. Louis county on the judgment rendered by the justice of the peace of Adair county. A prior appeal of this case was before us and is reported in the 96 Missouri Appeal Reports, 113. The opinion on said appeal contains a complete history of the litigation from its inception and a statement of all the material facts. The judgment of the circuit court of St. Louis county at the first trial was for defendant, but said court sustained a motion for new trial on the ground that its judgment was against the law. The first appeal was prosecuted from the order granting the new trial to plaintiff. One of the points made by defendant on said appeal was that the present action on the justice's judgment was barred by the statutes of limitations. Another point was that the justice of the peace had no jurisdiction of the original cause of action. Those contentions were overruled in our former decision and are substantially the only ones now preferred against the second judgment of the circuit court, which was in favor of the plaintiff. The other points made in defendant's (appellant's) brief are subsidiary to and in support of those two. All of them were dealt with in the former opinion, and as the cause was tried in accordance with the views then expressed, the judgment will be affirmed. All concur.